IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GARY MONTGOMERY            )
                           )
    v.                     )    NO: 3:21-00820
                           )
THOMAS CONRAD              )

**TO:**    Honorable William L. Campbell, District Judge

## R E P O R T   A N D   R E C O M M E N D A T I O N

This *pro se* prisoner civil rights action has been referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum and Order entered February 18, 2022 (Docket Entry Nos. 5 and 6).

Pending before the Court is Plaintiff's motion (Docket Entry No. 12) for emergency injunctive relief. Defendant Thomas Conrad has filed a response in opposition to the motion. *See* Response (Docket Entry No. 13). For the reasons set out below, the undersigned respectfully recommends that the motion be denied.

### I. BACKGROUND

Gary Montgomery ("Plaintiff") is a pretrial detainee in the custody of the Davidson County Sheriff's Office ("DCSO") who is confined at the DCSO Detention Center in Nashville, Tennessee. He filed this lawsuit on October 28, 2021, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed by several DCSO employees. *See* Complaint (Docket Entry No. 1). Upon initial review of Plaintiff's complaint, the Court dismissed several claims and defendants but found that Plaintiff asserted arguable

constitutional claims and a state law claim against DCSO officer Thomas Conrad ("Conrad") based upon events occurring in the fall of 2020. *See* Memorandum (Docket Entry No. 5). Defendant Conrad has responded to the complaint by filing a motion to dismiss, which is currently pending before the Court.

In his motion for emergency injunctive relief,[1] Plaintiff complains about recent events occurring at the Detention Center, related primarily to alleged harassment by two officers. Plaintiff complains about restrictions on his access to his legal files, the storage of his legal and other materials outside of his cell, and the confiscation of some items. Plaintiff requests an injunctive order against DCSO and the two officers to (1) cease and desist confiscating his legal materials or storing them outside of his reach and (2) cease all harassment activities against him.

In response to the motion, Defendant Conrad argues that: (1) the motion does not comply with the procedural requirements for injunctions and temporary restraining orders; (2) the relief Plaintiff seeks is unrelated to the claims currently before the Court in this case; and, (3) Plaintiff has demonstrated his ability to litigate his cases despite the claimed lack of access to his legal materials and in the absence of the relief that he seeks. *See* Docket Entry No. 13

## II. ANALYSIS

Plaintiff's motion for a preliminary injunction should be denied. Federal Rule of Civil Procedure 65 governs injunctions and temporary restraining orders. Pretrial injunctive relief is considered a preventive, prohibitory, or protective measure taken pending resolution on the

---

[1] Plaintiff's motion was not filed independently in the instant case but was filed with the Clerk as a single motion that he requested be filed in all of his five cases that are pending in this Court, which involve different defendants and claims. It does not appear that the Court has yet addressed the motion in any of his other cases. *See Montgomery v. Wellpath, et al.*, 3:19-00675; *Montgomery v. Whidbee, et al.*, 3:19-00747; *Montgomery v. Hall, et al.*, 3:19-01113; *Montgomery v. Gentry, et al.,* 3:20-00406.

merits, *see Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956), and is extraordinary relief. *Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972). Plaintiff, as the moving party, has the burden of proving that the circumstances "clearly demand" such injunctive relief. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). A plaintiff seeking a preliminary injunction must establish (i) that he is likely to succeed on the merits, (ii) that he is likely to suffer irreparable harm in the absence of preliminary relief, (iii) that the balance of equities tips in his favor, and (iv) that an injunction is in the public interest. *Winter v. Nat'l Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Initially, Plaintiff has not demonstrated a strong or substantial likelihood of success on the merits of his action. *NAACP v. City of Mansfield,* 866 F.2d 162, 167 (6th Cir. 1989. At this early point in the litigation, his likelihood of success on his claims is no greater than that of Defendant Conrad, who has raised defenses in a pending motion to dismiss. Additionally, the relief requested by Plaintiff is directed at individuals who are not parties in this case. Injunctive relief generally cannot be directed at individuals who are not defendants in a case. *See In re N.A.A.C.P.*, 849 F.2d 1473 (Table), 1988 WL 61504 at *3 (6th Cir. June 13, 1988) (noting that a court's decree is generally only binding on parties). Further, the events about which Plaintiff complains are unrelated to the narrow claims against Defendant Conrad that are at issue in this case. A party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the motion and the conduct asserted in the complaint. *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). Such a link is missing.

The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be

3

advanced by the requested relief as is required for the fourth factor. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Finally, absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations in a correctional facility. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984). Such reasons have not been shown by Plaintiff.

## R E C O M E N D A T I O N

For the reasons stated, it is respectfully RECOMMENDED that Plaintiff's motion (Docket Entry No. 12) for emergency injunctive relief be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

4