IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| GARY MONTGOMERY | ) | |
| | ) | |
| v. | ) | NO: 3:21-00820 |
| | ) | |
| THOMAS CONRAD | ) | |

**TO:** Honorable William L. Campbell, District Judge

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights action has been referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum and Order entered February 18, 2022 (Docket Entry Nos. 5 and 6).

Pending before the Court is the motion to dismiss (Docket Entry No. 9) filed by Defendant Thomas Conrad. Plaintiff opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be granted and that this action be dismissed.

## I. BACKGROUND

Gary Montgomery ("Plaintiff") is an inmate in the custody of the Davidson County Sheriff's Office ("DCSO") confined at the DCSO Detention Center in Nashville, Tennessee as a pre-trial detainee. He filed this lawsuit on October 28, 2021, seeking relief under 42 U.S.C. § 1983 for violations of his constitutional rights alleged to have been committed by several DCSO employees. *See* Complaint (Docket Entry No. 1). Upon initial review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court dismissed several claims and defendants but found that Plaintiff asserted arguable constitutional claims against DCSO officer Thomas Conrad

("Conrad") in his individual capacity for (1) infringing upon Plaintiff's Sixth Amendment right of access to the courts and (2) retaliating against Plaintiff for engaging in protected First Amendment conduct. *See* Memorandum (Docket Entry No. 5). The Court also permitted a claim to proceed against Conrad under state law for intentional infliction of emotional distress. In lieu of an answer, Defendant Conrad filed the pending motion to dismiss. The Court has reserved issuing a scheduling order pending resolution of the motion to dismiss.

For the purposes of the claims at issue, Plaintiff alleges that, on or about October 30, 2020, he checked his main commissary account at the Detention Center in anticipation of "a deposit to be used to hire an attorney," and noticed that a transaction had posted only five minutes earlier "transferring money from Plaintiff's main account to the phone account which is rarely used." *See* Complaint at 5. After complaining to a DCSO sergeant, Plaintiff was taken to speak with Lieutenant Thomas Conrad ("Conrad"). Plaintiff explained what had occurred, demanded an investigation, including a review of video camera footage "to determine exactly who made the transaction," and requested to file a police report. *Id*. at 6. Conrad refused these requests, despite what Plaintiff alleges is a DCSO policy that "a request [for a police report] must be referred to the desk sergeant," who is to interview the inmate and then "send [the] request for police report and investigation to [the] appropriate law enforcement office." *Id*. Plaintiff avers that Conrad told him "don't tell me how to do my job, I'm not going to investigate" and "we don't even know if they are the one who made the transfer." *Id*. Plaintiff alleges that Conrad then told Plaintiff that he was "just going to turn your shit off" and disabled Plaintiff's tablet, which Plaintiff asserts prevented him from accessing his account. *Id*. Plaintiff alleges that he lost more than $2,500.00 out of his commissary account, which prevented him from using the

money "for commissary purpose or for use in hiring legal defense help such as an attorney or investigator or to pay them." *Id*. at 9.

## II. MOTION TO DISMISS, RESPONSE, AND REPLY

Defendant seeks dismissal of each of Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that Plaintiff's denial of access to the courts claim should be dismissed because Plaintiff fails to allege that he suffered any actual litigation-related injury or legal prejudice as a result of Defendant's alleged conduct. Defendant argues that Plaintiff's First Amendment retaliation claim should likewise be dismissed because Plaintiff has not sufficiently alleged that Defendant's alleged conduct was an "adverse action" or was motivated by Plaintiff's protected speech. With respect to Plaintiff's state law claim, Defendant argues Plaintiff does not plead sufficient facts to support this claim. In addition, Defendant raises the defense of qualified immunity from the assessment of personal liability against him for any of the claims.

Plaintiff has filed two separate responses in opposition to the motion. In his first response, Plaintiff argues that the Court has already found in its initial review that Plaintiff stated claims for relief by the allegations at issue, that Defendant's motion is meritless, and that Defendant's counsel should be sanctioned for filing the motion. (Docket Entry No. 18.) In his second response, Plaintiff adds to his previous arguments by arguing that his constitutional rights at issue are clearly established, that Defendant's conduct was not objectively reasonable, and that qualified immunity does not apply. (Docket Entry No. 19.)

Defendant replies that Plaintiff's two responses fail to substantively address the actual arguments for dismissal raised in the motion to dismiss and the Court should deem Plaintiff to

3

have abandoned his claims and deem the motion to dismiss as unopposed. (Docket Entry Nos. 15 and 20.)

### III. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) is reviewed under the standard that the Court must accept as true all of the well-pleaded allegations contained in the complaint and construe the complaint in the light most favorable to Plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987). Because Plaintiff is a *pro se* litigant, the Court is also required to view his complaint with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Although the complaint need not contain detailed factual allegations, the factual allegations supplied must be enough to show a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-61 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a plausible claim for relief, the alleged facts must provide "more than a sheer possibility that a defendant has acted unlawfully." *Mik v. Federal Home Loan Mortg. Corp.*, 743 F.3d 149, 157 (6th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). The well pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

### IV. QUALIFIED IMMUNITY

Qualified immunity is an "immunity from suit" available to government officials performing discretionary functions. *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity protects government officials from civil suits for damages, so long as their conduct "does not violate clearly

4

established statutory or constitutional rights of which a reasonable person would have known." *Rieves v. Town of Smyrna, Tennessee*, 959 F.3d 678, 695 (6th Cir. 2020) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Court is required to employ a two-part test to determine whether a government official is entitled to qualified immunity. *Id*. at 695. The Court must consider (1) whether the official's conduct violated a constitutional right, and (2) whether that constitutional right was clearly established. *Wright v. City of Euclid, Ohio*, 962 F.3d 852, 864 (6th Cir. 2020). Courts are permitted to address the prongs of qualified immunity in any order. *See Pearson*, 555 U.S. at 236.

"Once the qualified immunity defense is raised, the burden is on the plaintiff to demonstrate that the official[s] are not entitled to qualified immunity." *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006); *see also Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 898 (6th Cir. 2019) ("'[T]he plaintiff bears the burden of showing that an officer is not entitled to the defense of qualified immunity.'") (quoting *Courtright v. City of Battle Creek*, 839 F.3d at 513, 518 (6th Cir. 2016)). When qualified immunity is raised in a motion to dismiss, the plaintiff's allegations must "plausibly mak[e] out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016) (quoting *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015)). If the constitutional right was not clearly established at the time of the defendant's action, or if the defendant did not violate the plaintiff's constitutional rights, the official is protected from suit by qualified immunity. *Pearson*, 555 U.S. at 232.

## V. ANALYSIS

Defendant's motion to dismiss should be granted. Although Plaintiff's allegations with respect to these three claims were deemed sufficient enough upon initial review to survive *sua sponte* dismissal under 28 U.S.C. § 1915A, the Court finds that the claims should be dismissed now that they have been challenged by Defendant via sound arguments for dismissal.

A. Access to the Court Claim

Prison inmates have a fundamental, constitutional right to access the courts. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 821, 828 (1977). Among other things, this right prohibits prison officials from erecting barriers that impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992). To state a claim for interference with his access to the courts, Plaintiff must show that he suffered an actual injury to pending or contemplated litigation. *Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). He must also establish that Conrad acted with more than mere negligence. *Sims v. Landrum*, 170 Fed.App'x 954, 956 (6th Cir. 2006).

In the instant case, Conrad is alleged to have refused to review video cameras and refused to investigate Plaintiff's verbal complaint that funds had been transferred from Plaintiff's commissary account to his phone account by an unknown person. Conrad is further alleged to have refused to file a police report about the matter. Plaintiff's theory of a constitutional violation is that Conrad's actions violated Plaintiff's constitutional right of access to the courts because Plaintiff's lack of access to the transferred funds made him unable to use those funds to hire an attorney or investigator.[1]

---

[1] Upon initial review, the Court found that Plaintiff had no constitutional right to have an investigation conducted or to file a police report. *See* Memorandum Opinion at 8-9.

6

For the purposes of determining the motion to dismiss, these allegations are taken as true. However, it is important to note what Conrad is not alleged to have done. Plaintiff does not allege that Conrad affirmatively took any steps to prevent Plaintiff from using his funds for the purposes of paying for an attorney or allege that Conrad otherwise took any affirmative steps to infringe upon Plaintiff's access to the Courts. Indeed, there are no allegations in the complaint that Plaintiff even had an actual plan and intention to use the funds to hire an attorney or investigator, let alone that Conrad knew of this intention yet affirmatively acted to interfere with this plan.

Based upon the allegations that are before the Court, Plaintiff fails to state a claim that Conrad violated Plaintiff's constitutional right of access to the court. Plaintiff must show that he suffered an actual injury to pending or contemplated litigation. *Lewis*, 518 U.S. at 349; *Dellis*, 257 F.3d at 511. However, Plaintiff's allegations simply fail to show any actual litigation injury. *See McKinney v. Paddock*, 2022 WL 2790633, at *8 (S.D. Ohio July 15, 2022) (inmate's assertion of what he "would have" done stated only a hypothetical injury that is not sufficient to establish the type of injury in fact that is required for a right of legal access claim); *see also Thomas v. Campbell*, 12 Fed.App'x 295, 297 (6th Cir. 2001) (a plaintiff must show more than a speculative injury to pursue an access to the courts claim).

Further, given that Plaintiff fails to allege that Conrad took any affirmative conduct that was directed at an actual attempt by Plaintiff to use the funds in his prison account to hire an attorney or investigator, any link between Conrad and an infringement on Plaintiff's ability to use his funds to pay an attorney or investigator is simply too tenuous and remote to support a constitutional claim. *See Sims v. Landrum*, 170 Fed.App'x 954, 956 (6th Cir. 2006) (a plaintiff

7

must establish that the state actor who caused the alleged injury acted with more than mere negligence).

Even if Conrad's alleged conduct can be viewed as a plausible violation of Plaintiff's right of access to the courts, Conrad is nonetheless entitled to qualified immunity on this claim because Plaintiff fails to show that the right at issue was clearly established at the time of the events. "The burden of convincing a court that the law was clearly established rests squarely with the plaintiff." *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (internal quotations omitted). Plaintiff shows that the law is clearly established by pointing "either to 'cases of controlling authority in his jurisdiction at the time of the incident,' or 'a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful.'" *Kent v. Oakland Cty.*, 810 F.3d 384, 395 (6th Cir. 2016) (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).

Plaintiff must do more than merely show that his right of access to the courts is clearly established in a general sense, which is all that he has done in his responses in opposition. He must show that this right is clearly established in a more particularized sense as it relates to the facts and conduct at issue. *See White v. Pauly*, 580 U.S. 73, 137 S. Ct. 548, 552 (2017). The clearly-established prong does not require a plaintiff to identify an earlier decision that is "directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (quoting *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011)). In other words, Plaintiff must show that the contours of his right of access to the court was sufficiently clear that a reasonable official in Conrad's shoes would have understood that what he did violated that right. *Goodwin v. City of Painesville*, 781 F.3d 314, 325 (6th Cir. 2015). The "existing case law, 'must have placed the statutory or constitutional

8

question beyond debate.'" *Reich v. City of Elizabethtown, Ky.*, 945 F.3d 968, 981 (6th Cir. 2019) (quoting *Ashcroft*, 563 U.S. 731, 741 (2011)). Plaintiff has not shown, and the Court is otherwise unable to locate, existing case law that would have placed a reasonable official in Conrad's shoes on notice that he was violating Plaintiff's right of access to the courts by refusing to review video cameras, refusing to initiate an investigation, and refusing to file a police report in response to Plaintiff's verbal complaint that funds had been transferred from his commissary account to his phone account by an unknown person. As such, Conrad is entitled to qualified immunity on this claim.[2]

B. Retaliation Claim

Despite their incarceration, prison inmates are protected from retaliation against them because of the exercise of their constitutional rights. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). To state a claim for First Amendment retaliation, Plaintiff must show: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and, (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by his protected conduct. *Sensabaugh v. Halliburton*, 937 F.3d 621, 627-28 (6th Cir. 2019) (internal citations omitted).

---

[2] The Court notes that the facts of the instant case are significantly different from those in *Siggers-El v. Barlow,* 412 F.3d 693 (6th Cir. 2005), and render the instant case readily distinguishable from *Siggers-El* to the extent that *Siggers-El* is viewed as existing case law on the contours of an inmate's right of access to the courts. In *Siggers-El*, the defendant prison official responsible for authorizing disbursements of funds from the prisoner plaintiff's inmate account was alleged to have refused to sign an authorization form for the disbursement of funds specifically requested by the plaintiff to pay an attorney and to have lied about approving a second authorization form requested to pay for an attorney. 412 F.3d at 697.

9

In the instant case, Conrad is alleged to have retaliated against Plaintiff by disabling his "tablet" after Plaintiff verbally complained to Conrad and demanded that Conrad investigate the matter, review video tapes, and file a police report or allow Plaintiff to file the report himself. Plaintiff alleges that having his tablet disabled prevented him from accessing his prison account.

The Court finds that this claim should be dismissed. As noted *supra*, a close review of the facts actually alleged in the complaint shows that Plaintiff's verbal complaint and his requests to Conrad about the funds transferred from his main commissary account did not involve an actual request to use these funds to hire an attorney or even touch upon that issue. Accordingly, it is questionable whether Plaintiff engaged in protected speech or conduct when he complained to Conrad since his interaction with Conrad did not implicate his protected right of access to the courts.

Additionally, even if Plaintiff's interaction with Conrad could be viewed as protected activity, the Court finds that the single act of disabling Plaintiff's table was so minimal and innocuous that it fails to rise above a *de minimis* action. There are no allegations that disabling Plaintiff's tablet was anything more than a temporary inconvenience and that it resulted in some actual adverse and impactful consequences that would have a deterrent effect on a person of ordinary firmness. *De minimis* actions, while they may be objectionable to an inmate plaintiff, simply fail to amount to the type of adverse action necessary to implicate constitutional protections in the context of a First Amendment retaliation claim. *See Thaddeus–X*, 175 F.3d at 396 (some adverse actions are so *de minimis* that they do not rise to the level of being constitutional violations). The Court finds that Plaintiff's allegations, even if taken as true, fail to show that he suffered an adverse action. Plaintiff's allegations therefore fail to satisfy the second element necessary to state a First Amendment retaliation claim. Because the Court finds

that the allegations of the complaint fail to support a First Amendment retaliation claim, it is not necessary to address the clearly established prong of the qualified immunity defense.

### C. Intentional Infliction of Emotional Distress Claim

The Court finds that this claim should be likewise dismissed. To state a claim of intentional infliction of emotional distress under Tennessee law, Plaintiff must allege facts showing that Conrad's conduct was (1) intentional or reckless, (2) so outrageous that it is not tolerated by civilized society, and (3) resulted in serious mental injury to Plaintiff. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 205 (Tenn. 2012). This is an exacting standard. *See Miller v. Willbanks*, 8 S.W.3d 607, 614 (Tenn. 1999).

Plaintiff's allegations fall far short of showing conduct by Conrad that was outrageous and extreme. Indeed, Conrad's conduct was barely remarkable. Further, there are absolutely no factual allegations showing that Plaintiff suffered from a serious mental injury because of Conrad's disabling of his tablet. This claim is so meritless that it warrants no further discussion.

### R E C O M E N D A T I O N

For the reasons stated, it is respectfully RECOMMENDED that Defendant's motion to dismiss (Docket Entry No. 9) be GRANTED and that this action be DISMSISED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge